THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT P. HOWINGTON, III, ) | |
| ) | |
| Plaintiff, ) | No. 00 C 7394 |
| ) | |
| v. ) | Honorable Matthew Kennelly |
| ) | |
| MATTHEW GHOURDJIAN, ) | |
| RICHARD C. FINKELMAN, and ) | |
| DIGITAL CONVERGENCE CORPORATION, ) | |
| a Delaware corporation, successor to DIGITAL ) | |
| CONVERGENCE, LLC, a Delaware limited ) | |
| liability company, and now known as CEIRA ) | |
| TECHNOLOGIES, INC., a Delaware ) | |
| corporation, ) | |
| ) | |
| Defendants. ) | |

## REPLY TO PLAINTIFF'S MEMORANDUM OF LAW SUPPORTING DERIVATIVE CLAIMS

Rather than take issue with the numerous deficiencies and misstatements in Plaintiff's Response, Defendants Richard C. Finkelman and Matthew Ghourdjian will rest on the arguments presented in their Motion and the facts adduced at trial. Nevertheless, Defendants feel compelled to bring to this Court's attention one glaring misstatement about the requirements of 8 Del. C. §144.

Plaintiff takes the position that a corporate action can be ratified, pursuant to 8 Del. C. §144, only if it has already been approved at a board meeting. (Pl. Brf. at p.p. 2, 15-16.) This is incorrect. In this case, the plaintiff has alleged that the transaction between SellSignal and Digital was void or voidable because it was a self-dealing transaction. The relevant part of the statute, therefore, is the part that says "**[n]o contract or transaction between a corporation and 1 or more of its directors or officers or between a corporation and any other**

**corporation ... in which 1 or more of its directors or officers, are directors or officers, or have a financial interest, shall be void or voidable solely for this reason**" if the shareholders approve the contract or the contract is determined to be fair. 8 Del. C. §144 (emphasis added). On its face, this part of §144 is applicable regardless of whether the transaction was approved by the board of directors.

The portion of §144 selectively cited by the plaintiff, on the other hand, provides that a corporate contract, approved at a board of directors meeting at which an interested director participated, is not void or voidable if the contract was ratified or was determined to be fair. (Pl. Brf. at pp. 2, 15.) That part of §144 is inapplicable to this case.

Plaintiff also suggests, for the first time, that the SellSignal/Digital transaction is void because it was not approved at a board meeting.[1] What plaintiff essentially asks this Court to do is declare a forfeiture. However, that remedy is not supported by the law. The fact remains that Digital provided services to SellSignal and is entitled to the fair value of those services. All the evidence adduced at trial, unrefuted by plaintiff, demonstrates that the rates paid to Digital from SellSignal were fair.

---

[1] Defendants have argued that the transaction between SellSignal and Digital was, in fact, properly approved by the SellSignal board. This was demonstrated by the facts adduced at trial, cited by Defendants' in their Motion and remain unrefuted by Plaintiff.

Respectfully submitted,

By: /s/ Jason L. Rubin
One of the Attorneys for Defendants
Matthew Ghourdjian and Richard C. Finkelman

Harold C. Hirshman (#1226290)
Gerald E. Fradin (#06204247)
Jason L. Rubin (#06256602)
SONNENSCHEIN NATH & ROSENTHAL
8000 Sears Tower
Chicago, IL 60606
(312) 876-8000
Dated: December 19, 2001
14196544

## CERTIFICATE OF SERVICE

I, Jason L. Rubin, one of the attorneys for defendants, certify that I have caused a copy of the foregoing **REPLY TO PLAINTIFF'S MEMORANDUM OF LAW SUPPORTING DERIVATIVE CLAIMS** to be served on:

> Kenneth Sullivan
> Reuben L. Hedlund
> Hedlund Hanley Koenigsknecht Trafelet
> 55 West Monroe Street
> Suite 3100
> Chicago, IL 60603
>
> Stephen J. Senderowitz
> Schwartz Cooper Greenberger & Krauss Cht.
> Suite 2700
> 180 North LaSalle Street
> Chicago, IL 60601

by messenger delivery on December 21, 2001.

_____
Jason L. Rubin