# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7394 | **DATE** | 2/25/2002 |
| **CASE TITLE** | Howington vs. Ghourdjian | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reason set forth on the attached memorandum opinion and order, the motion to allow SellSignal to appear and to appoint Hedlund Hanley Koenigsknecht & Trafelet as its counsel (84-1) is granted. The case is set for hearing on the issue of the remedy on 4/5/02 at 9:30 a.m. and is set for a status hearing on 4/2/02 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | number of notices | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | FEB 2 6 2002 | | |
| | Docketing to mail notices. | date docketed | | 98 |
| | Mail AO 450 form. | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | |
| | | date mailed notice | | |
| OR6 | courtroom deputy's initials | | | |
| | | mailing deputy initials | | |

U.S. DISTRICT COURT

02 FEB 25 PM 2: 12

Date/time received in central Clerk's Office

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ROBERT P. HOWINGTON III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 00 C 7394 |
| | ) |
| MATTHEW GHOURDJIAN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The case is before the Court on the parties' submissions concerning the appropriate remedy following the Court's finding in favor of plaintiff on his shareholder's derivative claim with respect to certain agreements between SellSignal.com, Inc. and Digital Convergence Corp., now known as Ceira Technologies, Inc. *See Howington v. Ghourdjian,* No. 00 C 7394, 2002 WL 48056 (N.D. Ill. Jan. 14, 2002).

FEB 26 2002

### Discussion

Ghourdjian and Finkelman argue that the appropriate remedy is to allow SellSignal's shareholders the opportunity to ratify the Digital transaction. Defendants attempted this once before, in July 2001 (after the lawsuit was filed but before trial). After considering the evidence regarding the ratification, the Court found that Finkelman's communication to the shareholders soliciting ratification contained a material misrepresentation that rendered the purported ratification ineffective. *Howington,* 2002 WL 48056, at *4, 7.

In their current submission, Ghourdjian and Finkelman contend that "[t]he Court has not

heard all relevant evidence regarding the ratification letter and the ratification process because defendants did not know that the derivative claim would be heard until the trial was under way, and defendants' decisions concerning what evidence to present were based, in large part, on the fact that a jury would be the finder of fact." Ghourdjian/Finkelman Mm. at 4 n.1. That is a mischaracterization of what took place.

First of all, the claim that the Court ultimately determined (at defendants' insistence) to be a shareholder derivative claim was contained in Howington's first amended complaint, filed in late August 2001; that complaint contained a breach of fiduciary duty claim, clearly denominated as such, which directly attacked the SellSignal-Digital agreement. *See* First Amended Complaint ¶¶58-68. In their answer to that complaint, filed on August 28, 2001, Ghourdjian and Finkelman specifically asserted the purported ratification as a defense. *See* Answer to First Amended Complaint, p. 20 ("Ninth Defense").

Second, though defendants sought a severance of certain claims prior to trial, the Court denied this motion and made it clear on several occasions that all of Howington's claims would be tried together. (We might add that Ghourdjian and Finkelman's motion for a severance, filed in early September 2001, contained nary a hint of their later argument that the breach of fiduciary duty claim could only be brought as a derivative action.) Thus it was abundantly clear that the breach of fiduciary duty claim would be tried together with the other claims.

Third, Ghourdjian and Finkelman plainly intended all along to make the purported ratification an issue at trial; they submitted to the Court at or just before the outset of the trial a "Memorandum Regarding Shareholder Ratification" setting forth their views on the law applying to ratification attempts.

Fourth, the fiduciary duty claim ended up being considered as a derivative claim as a result of an argument to this effect made *by defendants* on the eve of trial, accompanied in fairly short order by an argument that plaintiff had no right to a jury trial on that claim. *See* Defendants' Joint Supplemental Memorandum Regarding Jury Trial. At the outset of the trial, the Court reserved judgment on these points; they had been raised at the last minute, and the Court needed time to consider them. But we made it clear at that point to all concerned that if we ended up determining that the claim was derivative and that there was no right to a jury trial, the claims still would be tried together with the other claims and would be determined by the Court after considering the jury's advisory views. Having urged the Court to declare the claim a derivative claim and to deny a jury trial, defendants should have been prepared to present whatever was necessary if they won on those points.

Fifth, Ghourdjian and Finkelman never so much as hinted at trial that they had more evidence that they were unable to present because of the manner in which the case was tried. For all of these reasons, their newly-minted protestation to this effect, coming for the first time after a defeat at trial, is sorely lacking in credibility. And in any event, defendants identify no new evidence that would tend to undermine the Court's finding that the July 2001 solicitation misrepresented the events of December 1999.

Aside from Ghourdjian and Finkelman's attempt at revisionist history concerning these events, the Court does not believe that simply giving ratification another whirl is an adequate or appropriate remedy. Ghourdjian and Finkelman cannot be trusted to avoid putting their thumbs on the scale. That is what they did when they caused SellSignal to enter into the Digital transaction was entered into in the first place, and that is what Finkelman did in his July 2001

3

letter to the shareholders proposing ratification. Moreover, this litigation and the Court's ruling resulted from Ghourdjian and Finkelman's breach of their fiduciary duty to SellSignal and Digital's knowing participation in that breach; we do not consider adequate a remedy that essentially permits them to say "never mind" now that they have lost.

As a general rule, the appropriate remedy in the case of a transaction infected by a breach of fiduciary duty is rescission. *NL Industries, Inc. v. Maxxam, Inc.,* 659 A.2d 760, 775 (Del. Ch. 1995). But simply requiring Digital to give back what it got from SellSignal does not constitute rescission; rescission requires restoring both parties to the *status quo ante. See id.* SellSignal received a benefit from the transaction: services that Howington has conceded were fairly priced. The transaction cannot practicably be unwound. And allowing SellSignal to get all of its money back while retaining the benefit of the transaction would overcompensate the company. *See Strassburger v. Earley,* 752 A.2d 557, 582 (Del. Ch. 2000).

When rescission is impractical, "rescissory damages" may be ordered as substitute relief. *NL Industries,* 659 A.2d at 775; *Strassburger,* 752 A.2d at 580-81. In most cases involving a self-dealing transaction, this would consist of repayment of the benefit that the self-dealing fiduciaries received from the transaction. *Strassburger,* 752 A.2d at 580-81; *Thorpe v. CERBCO, Inc.,* 676 A.2d 436, 445 (Del. 1996) (fiduciary is not entitled to profit from breach of duty). Here the benefit to Ghourdjian and Finkelman was indirect; the money from SellSignal flowed not directly to them but rather to Digital, which Ghourdjian owned and which employed Finkelman at a handsome salary. But because Digital knowingly participated in and benefitted from Ghourdjian and Finkelman's fiduciary breach, it too can be required to repay the benefit that it earned and will earn from the transaction. Imposing such a remedy will require the Court

4

to determine the amount that Digital has received as a result of its deal with SellSignal over and above the cost of producing that revenue. After making that determination we will direct Digital, Ghourdjian, and Finkelman (jointly and severally) to pay that amount, to be distributed as a *pro rata* dividend to SellSignal's shareholders other that Ghourdjian and Finkelman (we see no basis to limit the recovery to the three shareholders that Howington deems "disinterested.").[1] As the fiduciaries who wrongfully caused the corporation to enter into the transaction, Ghourdjian and Finkelman should not be permitted to benefit from the remedy. *See In re Cencom Cable Income Partners, L.P.*, No. C.A. 14634, 2000 WL 130629, at *5 (Del. Ch. Jan. 27, 2000).

Without careful structuring and monitoring, this approach could result in unnecessary delay and additional undue expense to all concerned. The Court has no intention of permitting that to occur. The proceedings concerning the remedy will be completed expeditiously and without unnecessary complication. The Court orders Digital to produce to all other parties on or before March 7, 2002 the following records to the extent it has not already done so:

a)      its monthly, quarterly, and annual financial statements and state and federal income tax returns (if any) for 1999 through the present date;

b)      the time records for its personnel who performed services relating to SellSignal and/or Wells Fargo reflecting the time they spent on these engagements;

c)      records sufficient to reveal the hourly rates charged for these persons for other engagements during this same time period;

d)      its general ledger, so that counsel can examine the details of any charges

---

[1] There is no reason to have the money pass through SellSignal. The company is little more than a shell at this point, and its primary creditor, Digital, could force it into bankruptcy. We have no intention of adopting a remedy that could be defeated in this manner.

underlying the company's overhead expenses.

These records may be used only for the purpose of this lawsuit and may not be disclosed to anyone other than the parties and counsel of record, as well as a consulting expert. Once the litigation and any appeals are concluded the records produced pursuant to this order must be returned to Digital or destroyed.

On or before March 18, 2002, plaintiff is directed to file a written submission of no more than 10 pages supporting his position regarding the remedy that should be ordered by the Court consistent with our earlier discussion. Defendants' submissions on this issue, also not to exceed 10 pages for each separately-represented defendant or group of defendants, are due on or before March 28, 2002. The matter is set for hearing on April 5, 2002 at 9:30 a.m. The Court will set aside one day for the hearing.

### Appointment of counsel

The Court grants Howington's motion to appoint his counsel as counsel for the corporation with respect to the derivative claim, retroactive to the date on which that claim was filed: August 21, 2001. The remedy in this case will include an award of attorney's fees to counsel relating to the prosecution of the derivative claim. Counsel is entitled to fees both because the litigation has resulted in a benefit to the corporation's shareholders, *see Sanders v. Wang,* ___ A.2d ___, 2001 WL 599901, at *2 (Del. May 29, 2001) (citing *Sugarland Industries, Inc. v. Thomas,* 420 A.2d 142, 149 (1980)), and because the agreements between SellSignal and Digital that are at issue in the derivative claim provide for an award of reasonable fees to the prevailing party in the event of litigation.

The Court expects, however, that the fee award will constitute only a portion, and a

modest one at that, of the overall attorney's fees that Howington's counsel incurred in prosecuting this suit. Howington lost on all of his claims other than the one that the Court ultimately determined was a derivative claim, and thus counsel is not entitled to an award of attorney's fees with respect to the time spent on those claims (except to the extent it may have concerned issues which overlapped with the derivative claim).

Counsel's fee petition is to be filed by no later than March 7, 2002. Defendants' response is to be filed by no later than March 21, 2002. Counsel's reply is to be filed by no later than March 28, 2002.

### Conclusion

The motion to allow SellSignal to appear and to appoint Hedlund Hanley Koenigsknecht & Trafelet as its counsel [docket item 84-1] is granted. The case is set for hearing on the issue of the remedy on April 5, 2002 at 9:30 a.m. and is set for a status hearing on April 2, 2002 at 9:30 a.m.

MATTHEW F. KENNELLY
United States District Judge

Date: February 25, 2002