# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7394 | **DATE** | 7/15/2002 |
| **CASE TITLE** | Howington vs. Ghourdjian | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The motions of the intervening plaintiffs and of defendants to approve the amended settlement are granted for the reasons set forth on the attached order. The derivative claims are dismissed with prejudice pursuant to the terms of the settlement. Judgment is entered in favor of defendants, as all of the claims have now been determined in their favor or settled on terms requiring dismissal. Robert Howington Jr.'s fee petition is denied. The fee petition and supplemental fee petition of Hedlund, Hanley et al , are granted, with the amount of the fee award capped at $83,333. Any request by counsel for the intervening plaintiffs for any part of the fee is to be submitted on or before 7/22/02

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 1 6 2002 | |
| | Notified counsel by telephone. | | date docketed | 147 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | JUL 1 6 2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| OR | courtroom deputy's initials | Date/Time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT P. HOWINGTON III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 00 C 7394 |
| | ) |
| MATTHEW GHOURDJIAN, | ) |
| RICHARD C. FINKELMAN, and | ) |
| DIGITAL CONVERGENCE CORP., now | ) |
| known as CEIRA TECHNOLOGIES, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On July 3, 2002, the Court denied defendants' motion to approve their proposed settlement of the only remaining claim in this case, a shareholder's derivative claim brought by Robert Howington III on behalf of SellSignal.com, Inc. *Howington v. Ghourdjian,* No. 00 C 7394, 2002 WL 1466820 (N.D. Ill. July 3, 2002). We will not rehash the particulars of that ruling here, other than to note that the Court's ruling made it clear that we would have approved the proposed settlement but for the inclusion of a particular term: a requirement that the SellSignal.com, Inc. shareholders relinquish their stock. During the hearing regarding approval of the settlement, the Court had expressed misgivings regarding that particular term and had pointedly asked defendants whether it was a material term of the proposed settlement. Defendants insisted that it was and argued in their papers seeking approval that the Court had to approve or disapprove the settlement as an all-or-nothing proposition.

Following the Court's ruling, we set the case for a status hearing to set dates for any further proceedings regarding the remedial phase of this litigation. At that time, defendants advised the Court that they had made a revised settlement offer, removing the requirement that the shareholders relinquish their shares and replacing this with a term leaving it up to each individual shareholder whether they wished to do so (relinquishing the stock might allow for more favorable income tax treatment of the proceeds). Defendants and the intervening plaintiffs – the SellSignal.com, Inc. shareholders other than Howington and the individual defendants – have asked the Court to approve the revised proposal.

We do not think it an overstatement, or unduly flip, to say that defendants essentially played a game of "chicken" with the Court. The Court had expressed misgivings about the provision in question and had pressed defendants on the necessity for that provision; any reasonably skilled lawyer (and defendants' counsel are certainly that) would have read this as an indication that the inclusion of that term was likely to be fatal to the proposal. Defendants nonetheless insisted on keeping it in and also insisted that the Court had to approve or disapprove the proposal as-is. Yet they provided the Court with no real authority supporting the propriety of such a term. The Court was left to do its own research from scratch, and we thought long and hard before denying approval based on the inclusion of the stock-relinquishment term. Then once the Court rebuffed defendants' proposal, defendants backtracked, removing the term they previously characterized, for all practical purposes, as essentially to making any kind of deal. But although defendants' *volte-face* is cause for annoyance – a sentiment that the Court expressed to defendants' counsel in open court – annoyance is not a sufficient basis to refuse the revised proposal. We therefore proceed to consider it.

Howington has renewed his objections that he made at the time of the initial settlement proposal, but we had already rejected them save for the objection to the stock-turnover term, and we do so again for the reasons previously described. To elaborate in one respect, the testimony of Howington's damages expert (which was offered in opposition to the settlement and which Howington said he did not wish to supplement if we proceeded to a hearing on the remedy) was unpersuasive. The expert's profit calculation ignored Digital's overhead expenses, and as a result his ultimate figure represented well over 50% of Digital's revenues and expected revenues from the SellSignal project, as compared with Digital's overall net profit of just over 14% of revenues in 2000, the year in which most of its work on the SellSignal project was done. He also excluded from his "cost of labor" calculation, for insufficient reasons, over 800 hours actually spent on the project by Digital employees, and he excluded the time actually spent on the project by defendant Finkelman even though he had included the revenue generated from Finkelman's time on the project. These and other flaws in the expert's analysis rendered it an insufficient basis to support a damage award; the Court had not in any earlier ruling determined that a marginal cost approach was the appropriate one, and we were unpersuaded by Howington's submission in support of that approach, finding it (among other things) unduly punitive in light of Howington's concession at trial that the price charged by Digital was fair. The dollar amount of the proposed settlement is, we reiterate, fair, even in light of Howington's claim for an award of attorney's fees.

Howington's only additional objection is based on the Court's statement, made when we allowed the other shareholders to intervene and appointed them "lead plaintiffs," that "if I determine [the initial proposal] is not a fair settlement, in other words, that it is too low, then I

3

am not going to eject Mr. Howington, III as the named plaintiff; I am going to reinstall [Howington's counsel] as the lead person, and we will proceed ahead." 6/6/02 Tr., p. 49. Based on this, Howington says that the intervenors have no authority to accept the new proposal, and (implicitly) that the Court lacks the authority to approve it as a settlement, as it has not been agreed upon by anyone with authority to do so.

The Court disagrees. Strictly speaking, though the Court said that it *would* reinstall Howington as lead plaintiff, we had not yet done so nor had we been asked to do so, and our earlier comments did not indicate that this would happen automatically in the absence of an order. Moreover, the reasons that led the Court to permit intervention and to appoint the intervenors as "lead plaintiffs" to begin with have not changed materially since June 6. Thus the intervenors still had the authority – assuming that is required in this context – to accept the revised offer.

For these reasons and those discussed in the Court's July 3, 2002 Memorandum Opinion and Order, the Court approves the revised proposed settlement. Any attorney's fee award will be derived from the settlement funds and will be limited to one-third of the gross amount of the settlement (or $83,333), which the Court finds is reasonable in light of the results obtained and the effort put into obtaining it. The Court is inclined to award the entire amount to Howington's counsel, Reuben Hedlund and the firm of Hedlund & Hanley, LLC. The defendants' willingness to propose payment of $250,000 is due entirely to the efforts and success of Howington's counsel during the earlier phases of this litigation, and counsel's time and effort spent on the derivative claims is far more than adequate to justify an $83,333 award. If, despite these comments, counsel for the intervenors wish to claim any portion of the fee, they must submit their request

and a supporting memorandum within seven days. The fee petition of attorney Robert Howington Jr., who represented Howington III in his individual capacity, is denied; Howington Jr. never sought appointment, nor was he appointed, to handle the derivative claim, and from the Court's observation he did not contribute in any material way to the success of that claim.

## Conclusion

The motions of the intervening plaintiffs and of defendants to approve the amended settlement [docket items 142-1, 143-1] are granted for the reasons stated above. The derivative claims are dismissed with prejudice pursuant to the terms of the settlement. The Clerk is directed to enter judgment in favor of defendants, as all of the claims have now been determined in their favor or settled on terms requiring dismissal. Robert Howington Jr.'s fee petition [item 106-1] is denied. The fee petition and supplemental fee petition of Hedlund, Hanley et al. [items 101-1, 139-1] are granted, with the amount of the fee award capped at $83,333. Any request by counsel for the intervening plaintiffs for any part of the fee is to be submitted on or before July 22, 2002.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 15, 2002

5