Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7394 | **DATE** | August 5, 2002 |
| **CASE TITLE** | Howington v. Ghourdjian | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, Howington's motion for clarification is granted in part by agreement (with respect to the offset of Howington's debt to SellSignal.com.Inc.) and is otherwise denied; his motion for repayment to SellSignal.com of attorneys fees and expenses is denied; and his supplemental fee petition and motion for award of costs are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 5 number of notices | Document Number |
| | No notices required. | | AUG 0 8 2002 date docketed | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | | 154 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | AUG 0 8 2002 | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | date mailed notice | |
| OR6 | courtroom deputy's initials | 02 AUG -7 PM 5:10 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT P. HOWINGTON III, )
)
        Plaintiff, )
)
vs. ) Case No. 00 C 7394
)
MATTHEW GHOURDJIAN, )
RICHARD C. FINKELMAN, and )
DIGITAL CONVERGENCE CORP., now )
known as CEIRA TECHNOLOGIES, INC., )
)
        Defendants. )

DOCKETED
AUG 0 8 2002

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Final judgment was entered in this case on July 16, 2002. The judgment formalized earlier rulings in defendants' favor on plaintiff Robert Howington III's individual claims, and it dismissed Howington's shareholder's derivative claim based on the Court's approval of a settlement of that claim over Howington's objection. The settlement terms included payment of $250,000 to Howington and the non-defendant shareholders of SellSignal.com, Inc., with Howington's share to be paid net of $40,000 that he was claimed to owe to the company, and with attorney's fees to come out of the settlement amount; dismissal with prejudice of the derivative claim; and a release of all claims by the shareholders. The settlement terms also permitted, but not require, the shareholders to relinquish their SellSignal.com stock. *See Howington v. Ghourdjian*, No. 00 C 7394, 2002 WL 1553234 (N.D. Ill. July 15, 2002). The judgment, of course, did not embody all of these terms; because the purpose of a judgment is to

dispose of claims made in the case, it simply stated that judgment was entered in favor of the defendants, as all of the claims had been determined in their favor or settled on terms requiring dismissal with prejudice.

### 1. Howington's supplemental fee petition and motion for award of costs

Following entry of judgment, Howington filed a supplemental fee petition and a motion for an award of costs. The motion is denied. The Court has already affixed the amount of attorney's fees and costs that will be awarded from the settlement proceeds at one-third of the total, or $83,333. There is no basis for a further award of costs to Howington pursuant to Fed. R. Civ. P. 54(d), for all of the claims have now been terminated in defendants' favor or dismissed with prejudice pursuant to the settlement.

The Court's order of July 15 approving the settlement left open the question of which attorneys would receive the fee. The only attorneys other than Howington's counsel potentially eligible for a fee award were the attorneys for the intervening plaintiffs. They have elected not to make a fee petition. The Court therefore orders that the entirety of the fee award be paid to Howington's counsel, the law firm of Hedlund & Hanley, LLC.

### 2. Motion for repayment to SellSignal.com of attorneys fees and expenses

Following entry of the judgment, Howington also filed a motion seeking to require defendants Ghourdjian and Finkelman to repay to SellSignal.com approximately $142,000 in attorney's fees paid by the company to Ghourdjian and Finkelman's lawyers between February 2001 and March 2002. He contends that the corporation's by-laws prohibit indemnification of officers or directors for claims on which they have been found liable for negligence or misconduct in performance of their duties to the corporation, as was the case here.

2

Howington's request amounts to a motion for leave to amend his complaint to add a new claim. It is too late to do this. A final judgment has been entered disposing of the case. Howington's motion is denied.

### 3. Motion for clarification

On July 17, 2002, Howington filed a "motion for clarification." Despite its title, the motion, in significant part, seeks to modify the terms of the settlement that the Court approved. First, Howington states that he disputes defendants' claim that he owes $40,000 to SellSignal.com; his motion seeks modification to provide that his payment is not to be reduced by that amount. Though they were under no obligation to do so, defendants have agreed to this modification of the settlement.

Second, Howington argues that the release should cover only derivative claims arising from the transactions and occurrences that were at issue in this case. The proposed settlement approved by the Court, however, provided for a *general* release. Howington's request is thus really a request to modify the settlement or for reconsideration of the Court's approval. The request is untimely. The argument that a general release was overly broad was available to Howington both of the times that the Court considered whether to approve the settlement, but he never made the argument. Indeed, when the Court initially addressed defendants' settlement proposal, we specifically discussed the fact that the release went beyond the particulars of this case; yet when the Court considered the issue of settlement for the second time, after the proposal was modified in a way unrelated to the release, Howington made no mention of this point. A motion for reconsideration may not be used "to present new theories ... or submit previously available evidence." *King v. Cooke,* 26 F.3d 720, 726 (7th Cir. 1994).

3

Third, Howington states that SellSignal.com's Stockholders Agreement entitles him to notice and a right of first refusal on any shares that are transferred, as well as the right to "tag-along" and have his shares purchased on equivalent terms. To the extent that Howington is offering this as a reason for overturning the settlement or as a basis to modify it, his failure to raise the issue when approval was sought precludes the Court from considering his request after the fact. Howington says, however, that what he wants is clarification that his rights under the Stockholders Agreement were not extinguished by the settlement. As noted earlier, one of the material terms of the settlement was a release of all claims by Howington and the other SellSignal.com shareholders. A general release of claims ordinarily does not extinguish a preexisting contract, unless the release is worded in a way that indicates that is what the parties intended. *See Dureiko v. United States,* 209 F.3d 1345, 1358 (Fed. Cir. 2000); *Schlaifer v. Sedlow,* 51 N.Y.2d 181, 185, 433 N.Y.S.2d 67, 69 (1980); *compare Aqua-Aerobic Systems, Inc. v. Ravitts,* 166 Ill. App. 3d 168, 170-71, 520 N.E.2d 67, 69 (1988) (release which referred to prior contract released contracting parties from all obligations under the contract). In this case the release was not so worded. It therefore did not extinguish the Stockholders Agreement. A general release of claims is not, however, limited to claims that the releasing party happened to be thinking about at the time. Rather, it covers "all claims of which a signing party has actual knowledge or that he could have discovered upon reasonable inquiry." *Fair v. International Flavors & Fragrances, Inc.,* 905 F.2d 1114, 1116 (7th Cir. 1990) (applying Illinois law); *see also Capocy v. Kirtadze,* 183 F.3d 629, 623 (7th Cir. 1999) (applying Illinois law; claim that parties were aware of at time of release is covered by the release); *Gavery v. McMahon & Elliott,* 283 Ill.

4

App. 3d 484, 487, 670 N.E.2d 822, 825 (1996) (same).[1] Put another way, though "[a] general release is inapplicable to unknown claims," *Farm Credit Bank of St. Louis v. Whitlock*, 144 Ill. 2d 440, 448, 581 N.E.2d 664, 667 (1991), it covers claims that did not yet exist but that were contemplated by the parties at the time of the release. *Id.; Fair*, 905 F.2d at 1115; *Wagner v. Nutrasweet Co.*, 873 F. Supp. 87, 99 (N.D. Ill. 1994) (applying Illinois law). At the time the Court approved the settlement, Howington was, or reasonably should have been, aware that the settlement terms, which plainly contemplated the possibility of other shareholders transferring stock, could generate a claim for "tag-along" or "first-refusal" rights under the Shareholders Agreement. The release therefore covers such claims. In addition, it is worth noting that allowing Howington to "tag-along" would essentially give him a double-dip: he could accept his own settlement payment while holding onto his stock, and then when another shareholder turned over his or her stock as part of the settlement, Howington could insist that Digital make a separate payment to him to purchase his stock. This is not what the settlement proposal contemplated, and again Howington gave no hint of this as a consideration at the time the Court was considering whether the approve the proposed settlement.

## Conclusion

The issues Howington raises in two of the motions he filed after entry of judgment – SellSignal.com's payment of significant attorneys fees for two directors in an action in which

---

[1] The Court applies Illinois law because the party who is subject to the release lives in this state and the litigation in which the release is ordered was pending here. Delaware law, which governed the underlying dispute is, if anything, more sweeping: "a general release ... [is] one which is intended to cover everything – what the parties presently have in mind, as well as what they do not have in mind, but what may, nevertheless, arise." *Corporate Property Associates 6 v. The Hallwood Group Inc.*, 793 A.2d 993, 1008 (Del. Ch. 2002) (citing *Hob Tea Room, Inc. v. Miller*, 89 A.2d 851, 856-57 (Del. 1952)).

5

they were found to have breached their fiduciary duty, and the existence of rights under the Shareholders Agreement concerning transfer of stock – conceivably might have led to a different result if Howington had raised them when the Court was considering whether to approve the settlement. But he did not do so. His post-judgment motions come too late. For the reasons stated above, Howington's motion for clarification is granted in part by agreement (with respect to the offset of Howington's debt to SellSignal.com, Inc.) and is otherwise denied; his motion for repayment to SellSignal.com of attorneys fees and expenses is denied; and his supplemental fee petition and motion for award of costs are denied as moot.

MATTHEW F. KENNELLY
United States District Judge

Date: August 5, 2002